The Honorable, the judges of the United States Court of Appeals for the Fourth Circuit. Oyez, oyez, oyez, all persons having any manner or form of business before the Honorable, the United States Court of Appeals for the Fourth Circuit, are admonished to give their attention, for the Court is now sitting. God save the United States and this Honorable Court. Good morning. Morning. Mr. Brignac, you may proceed. Thank you, Your Honor. May it please the Court, Eric Brignac for Samuel Kerr, II. On August 26, 2019, the District Court entered a, quote, judgment in a 2255 action, the Joint Appendix 53. That's a final judgment that granted the writ. It ended the case. It gave Mr. Kerr exactly what he asked for. And critical to our purposes, it started the United States 60-day appeal clock. The United States did not appeal, and it cannot here use Rule 60 to try and get around the statutory jurisdictional 60-day appeal requirement. Mr. Brignac, this is Judge Thacker. Are you saying that it was a final order simply because it gave your client what he asked for? And what about sentencing? Ordinarily, orders aren't final and appealable to this Court until there's a sentence. Thank you, Your Honor. In a criminal case, in a direct criminal case, that is certainly true, that nothing but for small interlocutory issues, nothing can come up to this Court until there's sentencing. This is different because it is a 2255, Your Honor, and it is not a direct criminal case. As this Court is well aware, having read the brief, the core issue here is whether the as it did in all the cases the government cited in its brief. And the reason it did not is because in every one of those cases, except for Martin out of the Ninth Circuit, the resentencing that the District Court ordered in all of those cases was a resentencing on at least one of the counts that was the subject of the 2255. And the reason that's critical is because one of the justifications, going all the way back to Andrews and cited by all the circuits, for saying that the 2255 is not final in those instances is because we want to avoid piecemeal Mr. Brignac, we're going to resentence you on that count. We're going to give you another capital sentencing hearing, or we're going to give you a resentencing with the booker understanding we have now. That is not final. It would not be efficient for this Court to review that until all of the remedy has been granted. That differs from this case critically because here the District Court granted the writ, gave him exactly what he wanted. Nothing the District Court could do after that point, after that August 26, 2019 order, could change anything. Nothing the District Court could do at the resentencing could have vacated, changed, or altered the final order, the final judgment, giving him what he wanted. He said, please get rid of my 2924. What if, Mr. Brignac, what if we find that this wasn't a final order, that it was interlocutory? Is there any way for you to prevail then? Your Honor, the, I think Your Honor is hinting at possibly we could find the District Court's Rule 60 to be an abuse of discretion. If that's not where you're going, I'm sorry, because you're right. Our argument here is that legally this was final. It was not interlocutory. But what if it were interlocutory? So when I'm writing this brief and we're sort of thinking about what to do, we say, well, this does seem like an abuse of the District Court's discretion. And if this panel were to agree with that, we would be happy, I think it would be appropriate to have supplemental briefing and have the government respond. But abuse of discretion is a very tall order. And as I'm reviewing this case, I'm thinking, you know, why does this feel so wrong? Well, if it was, if it was interlocutory, wouldn't Rule 54 apply as opposed to Rule 60, as the District Court indicated at one point? And the District Court did allude to that. Our position, so yes, Your Honor, it would be under a different rule. And the District Court made that finding in the alternative that it would have also granted relief under Rule 54. Our position is that this is a final order, so Rule 54 would not have been appropriate. The government correctly came in under Rule 60. It's just that Rule 60 did not give it proper relief. Mr. Brigant, don't we review sentences in the aggregate? And there were two counts out there where a sentence had not been imposed at the time. Yes. So, Your Honor, in general, this court does review on a direct criminal appeal, a sentence in the aggregate. And the reason that does not apply in this case, though, is because of the rule of finality and the special circumstance of 2255. These counts were vacated, the sentence was corrected down to zero, they went away. Then, Your Honor, there was a separate plan, you know, that the government's urging for a separate resentencing on count one. After that resentencing, either party could have appealed, and that would have been a criminal appeal, and this court has talked about the hybrid nature of 2255. So either party would have had 14 days after the resentencing to appeal that, to say it was procedurally or substantively unreasonable. But the, and I think if Your Honor is hinting, say, at the sentencing package doctrine, that's not applicable here because that is a doctrine that, say, when this court were to, on appeal, on direct appeal, vacate a conviction, vacate part of a sentence, this court can send it back to the district court and say, need to reconsider this as a whole. That's not what happened here. Here, the district court granted Mr. Kerr, and also the government, because the government did not oppose this, the government joined in this, granted the parties exactly what they wanted. Those counts went away, the court granted the writ, and that was it. And the fact that this other count was out there for in all of the cases from the other circuits, but the critical difference is that the court granted the writ, and Andrews tells us that to decide what the remedy the court gave, you look at what was asked for, and what was asked for here was vacating those counts. Yet this, we could have certainly, Your Honors, looked at this as an abuse of discretion case. Again, I think if you read it, look at what the district court did, it doesn't feel right. But the reason it doesn't feel right is because the district court came in and committed legal error. It upset something that was final. It upset something that it couldn't have changed at the resentencing. And this wouldn't lead, adopting this rule, this sort of, you know, understanding that this case is different than the piecemeal litigation that this court and the Supreme Court was worried about, because the 2255 relief was discrete. Granted the writ, the government could have appealed it, the resentencing would be an entirely separate appeal, raising entirely separate issues. Unlike, critically, unlike the situation in Andrews or Haddon, where the resentencing would be all tied up in the relief that the parties asked for. So that's why this case differs. So then, why should we adopt Mr. Kerr's rule? Well, because of the critical interest in finality. When district courts grant 2255 motions, that's a moment. That matters. And to just sort of say, oh, but because of this ancillary resentencing that's hanging out there, we're going to say that that wasn't final. It just, it undercuts the system's interest in finality. I mean, look at this case, you know, Mr. It was 100 days later, Mr. Kerr, the government, the court, the lawyers, everyone expected this to go a certain way because the case had ended. And 100 days later, come in and we say, actually, this isn't final. Yes, Your Honor. Yeah, but in Haddon, didn't the court make clear that the order is not final until one of four particular, particular enumerated things had happened, none of which happened here? And Your Honor, Haddon did make that clear, as did Andrews, Your Honor. And where I disagree with the premise of your question, Your Honor, is that I do think one of those four things happened. Okay, which one? Corrected the sentence. The four things are discharging. I think no one disputes that didn't happen. Granting him a new trial that didn't happen. She corrected the sentences on counts two and three to zero. She vacated the counts. She gave him what he asked for. She said, it was over. And then what makes that a final order? Well, in general, when this court's trying to decide if an order is final or not, it leaves the district court with nothing to do other than execute the judgment. And that's all the district court could do at the count one resentencing. It could not go back at the resentencing and say, you know what, everybody, having given this some more thought, I'm going to go ahead and reinstate one of the 924 seat counts. I'm going to go ahead and reinstate them. She couldn't have done that. If she would have done it, it would have, I can't even imagine the mechanism. The government is here trying to artificially create that mechanism with Rule 60. And it can't do that to substitute for appeal. What if the government had been timely? Judge Flanagan issues her order. The government looks over the criminal information that it produced. And it says, oh, we asked the court for something. We agreed to something that maybe we shouldn't have. Because look here, there's this weird substantive issue, notice of appeal. Then it comes up to this court. And then we have, you know, rollicking oral argument about invited error or waiver or, you know, we have that oral argument. But we didn't. And the government was late. And look, I'm a defense lawyer. So I left holding the bag because something wasn't timely. Something wasn't filed properly. And I guess it's sauce for the goose and it's sauce for the gander because the government, the writ was granted, the case ended, the 60-day clock started, midnight struck, and a month and a half later, they realized their mistake. I understand it. Look, these Johnson cases stress both sides. We had a lot of clients to go through and the government had a lot of cases to go through. And by and large, and I'm sure Mr. Bragdon would agree, it was a very good partnership where everyone was working together to try and get these done in the interest of justice as efficiently as possible. But a heavy workload and a good relationship does not excuse missing a deadline. And because this is a civil case and not a criminal case, that 60-day deadline is statutory and it's jurisdictional. So even if this court wanted to excuse the government's late filing of the Rule 16, it couldn't because the Supreme Court has said that Congress has basically said, after 60 days, this court lacks jurisdiction to hear the case. We're here anyway because it was a Rule 60, but I don't think we should be here. And perhaps more to the point, Congress doesn't think we should be here. It was a mistake and the government has to live with that mistake. And if the court doesn't have any questions, I will see you on rebuttal. Thank you, Mr. Brignac. Mr. Bragdon. Good morning. May it please the court. My name is David Bragdon and I represent the United States. I wanted to touch on Haddon first because I think the role in Haddon is that in a habeas case, it's not final or appealable until one of three remedies occurred. And I think in our brief, we may have said four remedies, but when I looked at Haddon again at page 661, it actually divides the last two remedies are just subpart of remedies number three. So. And I have a question. So opposing counsel points us to the remedy of a corrected sentence, which he says is what happened here with vacating. And that argument has some appeal. What's the government's response to that? Well, that goes to the third remedy that Haddon talks about is a new sentence and it breaks it into two subparts. It can either be a resentencing or a corrected sentence. But for for either of that to be complete, there has to be a new sentence. There there was no new sentence here. And so the sentence wasn't correct. For if for either of that to be complete, there has to be a new sentence. Why would it why would the case separated out and specifically say corrected sentence? Why didn't it just say if corrected sentence means the same thing? Actually, corrected sentence doesn't mean the same thing. If you if you look at the case and Haddon itself, the court corrected the sentence without a new sentencing hearing. Sometimes it does that. So on a on the government's agreement, the court decided we don't need to have a resentencing here. We're just going to reduce the defendant's sentence to reduce the 924C count. And in that case, there was a new sentence issued, but it was done through a correction here. There was no correction that resulted in a new sentence. And so because there's no new sentence, the judgment is is not complete. And I think rather than four, because the third category has to have a new sentence, and it will either occur through resentencing, or it will occur through a corrected sentence. And here's Mr. Bragnick said something just doesn't feel right here. The government really made a colossal which I'm sure you would agree with. What about the the injustice or faith in the government here? What about what's good for the goose is good for the gander argument? Surely if the defense had had made a mistake like this, the government would be jumping up and down about it. Well, so I think that if the defense had made a mistake that resulted in more prison time, before a resentencing had occurred, you know, maybe renewing of counts that should have been dismissed, I can't imagine the government opposing fixing that mistake before the resentencing occurred. This was a mistake. It was one made by all the parties here. And but but it was also corrected before the defendant was resentenced. It's really under hard to understand how this mistake was even made in the first place. It's one count, one sentence, the word conspiracy doesn't, which was what the vacating the sentence was based on doesn't even appear in that one count. It doesn't even list the conspiracy statute. Your Honor, I look at it and I see the same thing. It does seem obvious looking at it now. I think Mr. Brignac did allude to the fact that there were many of these cases coming through at once, many corrections to be made. And and that doesn't excuse the error. But the bottom line is the defendant was not entitled to the relief that he requested. And so I think in those circumstances... And I guess in the government's defense, as you indicated, everybody made the same mistake. It wasn't just the government. That's correct, Your Honor. We did join the mistake. And we shouldn't have done that. We should have more carefully reviewed this. But I've been a criminal AUSA for much longer than I've been an appellate AUSA. And I have made my share of mistakes in the busy, hectic pace of handling lots of cases. And so it shouldn't have been made. I am sympathetic to the pressures that are on our criminal AUSAs. Mr. Brignac, let me ask you this. Your argument here is that it was not a final. It was not final, correct? That is my argument, Your Honor. Well then, if that's your argument, tell me what mistake the government made. If it wasn't final, what mistake did you make? Well, we joined the defendant in telling the court that... And I can look at the specific language in a minute, but telling the court that the predicate for the 922C convictions was Hobbs Act conspiracy. That was a misstatement to the court. It was wrong. And we joined it. We filed a joint motion making that misstatement to the court. The court relied on that. And it dismissed those 924C counts and scheduled the remaining count for resentencing. And so that was our mistake, if I answered your question. For the remaining sentence, you think that that was still alive, correct? Yes. The court sentences as a package. It recognizes that dismissal of some counts may affect the sentence of the count that remains. It ordered resentencing. And in fact, here, the defense and the government agreed that an additional enhancement would apply to the remaining count to be sentenced. And so there was some expectation that the sentence would be different from the one earlier imposed. And so, yes. So your position is that the time had not run on appealing that sentence, correct? That is my position, Your Honor. All right. Well, if that's the case, then, if the time had not run on that one, and you had made a mistake on the other, why then, since it's not final, the one that you made a mistake on, why couldn't you correct that based on your appeal for the one remaining? You must think that that would have been final. Could you repeat the question? I'm not sure. You know, you knew that the, forget about the mistake, there was still something left to do on one count, correct? Yes. All right. And that had not been done? Yes. So the time to appeal had not begun? That's true. All right. So then, if that's the case, then, when you went back, whenever you had that sentencing, 90 days later, 120 days later, could you have then addressed the mistake you made then? Well, Your Honor, this was addressed before the resentencing. It was brought to the court's attention. It was argued at what would have been the resentencing. You're not answering my question, though. I mean, it's a counterfactual. I'm saying that if you had just waited 120 days to address that, the mistake you already made is there. Is your position that then you could have addressed it or would it be final? Would that part, the civil part, be final? But that's what counts with Mr. Britton there. He's saying that it's somewhat bifurcated. One is civil, one is criminal. Are you saying that that wouldn't be final or would it? Yes, we're saying that it would not be final. And that's not just what we've said, that's what the courts have said. So then, the government then had plenty of time to, under your theory, to correct this mistake at any time before you actually had a sentence on what can't remain? That is correct, Your Honor. Now, as Mr. Brignac points out, the district court still has the discretion to consider that correction. And if we had held back and waited or had been unjust in our bringing this to the court's attention, I think the district court might have had discretion to deny that. The district court here exercised its discretion to fix the mistake, but that may not be true in every instance. That's a matter that the court considers, and once it's done, the defendant certainly has the ability to appeal the district court's exercise of its discretion. I am not saying the court's required to fix every mistake that's made, just that it had the jurisdiction to do so. So you would say that this court has the power to decide whether or not it was an abuse of notwithstanding it wasn't final, correct? I agree. That issue has not been briefed. It's not before the court, and I would concur with Mr. Brignac that if the court wants to consider that issue, that supplemental briefing would be appropriate. But this case is about the jurisdiction. It's not about the issue of the court's exercise of discretion. The Martin case is a Ninth Circuit case. The defendant acknowledges that that case is directly on point here, presents almost the exact same facts, and when we look at Martin, the court does emphasize the importance of not having piecemeal appeals. And what it says is, if we allowed this approach, the government might appeal the habeas part of the case, and then the defendant might appeal the sentencing part, and those could be two separate appeals. And so it makes sense as part of finality to do those together. I would also point the court to the Hillary and Smith cases cited by the defendant. That's where the court talks about the sentencing package theory and the fact that sentences are treated as a package. It's acknowledged that a sentence in one count may affect what happens, or dismissal of one count may affect how the court sentences the other counts. So they're all grouped together. And then the defense tries to argue, well, this court shouldn't apply Martin, but this court instead actually cited Martin for the point that's at issue here. And so I think this is a case where avoiding piecemeal approaches matter. It's a case where there is a rule in place about when finality occurs. And so unless there's further questions, I would ask this court to affirm. Thank you, Mr. Bregman. Mr. Bregman, you have some time reserved. Thank you, Your Honor. I would first, you know, the government talks about there being three remedies under 2255. I would just point this court to Andrews at the very end of page 339 on Andrews. The Supreme Court citing 2255 lists four remedies in the disjunctive discharge, resentence, grant a new trial, or correct the sentence. So there are four, according to the Supreme Court, and so I will rely on them. The mutuality of the mistake is an interesting point. I would say that, you know, Mathis is now binding law saying that substantive Hobbs Act robbery in the circuit is a 924c predicate. We were certainly not conceding that until this court's Mathis decision. So we, our position would have been that he was entitled to relief regardless of the mistake about the conspiracy or not. But I do think it's a fair reading, especially, you know, appendix 46 is, I think on paragraph six, the parties did misunderstand. And that's the case, but that's something we all have to live with. The government also cites Hillary or mentions Hillary in its argument. And I would, if the court looks at that, you know, at the very end of the about the fact that, you know, this idea of not letting the 2255 end, the defendant in that case indicated that could lead to some problems and could lead to some gamesmanship. And this court said straight up, you know, first, we're only going to decide the case in front of us, but we will not hesitate to correct abuses of the district court's discretion if this is being so even in Hillary itself, where the court's talking about this rule, it is signaling that we're not going to let this become gamesmanship. And we're not going to let this become an end around this. And the government does talk, Martin, we acknowledge Martin, this court, I don't want to hide the ball. I don't see a way to come out the way I think this court should without creating a circuit split with Martin. But Martin talks about the need for piecemeal litigation. And it wouldn't be piecemeal appeals, the legal issue of correcting the sentence on the 2255, granting the writ, ending the case is one appeal. And the substantive criminal issues related to the sentence is a totally separate appeal, they wouldn't have overlapping issues. Instead, the government says yes, it does cite Martin, but it is not on point. The government appealed instead. And it was a capital sentencing. And the count that was set for a capital resentencing was the count that was the subject of the 2255. So that's not factually similar to this case. And we acknowledge that if we were factually similar, that stick would control. This doesn't come up much between the two of us. And I'm sure Mr. Bragdon, you know, spent as much time on Westlaw as I did. Martin is the only other case I've ever seen that has this factual scenario. It doesn't come up much. But what does come up a lot is that finality is important. And when a case ends, party has a time to appeal. And if you don't appeal, you've lost your right to do it. And no one disputes rule 60 cannot be an end around that. So we would ask the court to vacate the district court's order and remand with instructions to basically grant the 2255, take away the 2924C count. Thank you so much, Mr. Brignac and Mr. Bragdon. Thank you so much for your arguments. We would love to be able to come down and greet you personally. We can't do that, but know very that we appreciate your arguments and we hope that you will be safe and stay well. Thank you so much for your arguments. Thank you. Thank you, your honor.
judges: Roger L. Gregory, Henry F. Floyd, Stephanie D. Thacker